Pearson, J.
 

 A sale, under execution, passes only such interest or estate as the debtor may rightfully pass, because it operates by act of law. If, therefore, a debtor has a particular estate, and the property is sold under execution, the party entitled to the ultimate estate, or remainder, (as it is usually termed,) has no ground of complaint; for his estate is in nowise interfered with, notwithstanding the officer may profess to sell the
 
 “
 
 entire estate, and not a particular interest only.”
 

 In our case, the debtor was entitled to the slaves from the 12th of July, 1853, until the 15th of October, and we assume from the statement, that the sale was made during that time. The defendant did not interfere with them afterwards. It is clear that the count in trover cannot be maintained, for the
 
 *483
 
 plaintiff was not entitled to tbe possession at tbe time of tbe supposed conversion. It is equally clear, that tbe count in case, could not bo sustained, for, as we liave seen, tbe sale wbicb was made, at tbe instance of tbe defendant, in nowise interfered with bis estate. It is only in cases where tbe property is destroyed, or removed to parts unknown, (wbicb is considered as amounting to a destruction,) that a remainder-man can maintain “ case” for tbe injury to bis estate ; upon tbe same principle tliat a tenant in common is allowed, under such circumstances, to maintain an action.
 

 There is an additional fact set out in tbe statement:
 
 The debtor bought the property
 
 so that to all intents and purposes, tbe plaintiff, after tbe sale, stood
 
 in statu
 
 quo, and bis having a cause of action, either in
 
 trover
 
 or
 
 case,
 
 is out of the question. There is no error.
 

 Pkb CubiaM. Judgment affirmed.